```
                    UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF CALIFORNIA

                       CIVIL MINUTES--GENERAL
```

Case No. CV 10-5475-GHK(RCx)              Date: August 3, 2010

Title: Total Access Payments, Inc., a Delaware corporation v.
       Maximum Business Innovations, Inc., a Colorado
       corporation, et al.
=================================================================
**DOCKET ENTRY**


=================================================================
      **HON. ROSALYN M. CHAPMAN, UNITED STATES MAGISTRATE JUDGE**

<u>Jake Yerke</u>                        <u>None        </u>
Deputy Clerk                      Court Reporter


ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:
None Present                       None Present


**PROCEEDINGS:  (IN CHAMBERS) ORDER DENYING WITHOUT PREJUDICE
    PLAINTIFF'S EX PARTE APPLICATION FOR LIMITED EXPEDITED
    DISCOVERY**


     On July 27, 2010, plaintiff filed an ex parte application for temporary restraining order and order to show cause re preliminary injunction,[1] and, as part of that ex parte application, requests this Court "grant leave to commence expedited discovery of defendants and third parties."  Ex Parte Application at 2:11.

                            DISCUSSION
     "[E]x parte applications contravene the structure and spirit of the Federal Rules of Civil Procedure and the Local Rules of this court[, b]oth [of which] contemplate that *noticed* motions should be the rule and not the exception."  <u>In re Intermagnetics America, Inc.</u>, 101 B.R. 191, 193 (C.D. Cal. 1989) (footnote omitted).  "They impose an unnecessary administrative burden on

---

     [1] On July 29, 2010, Judge King denied without prejudice plaintiff's ex parte application for a temporary restraining order and an order to show cause re preliminary injunction.

the court and an unnecessary adversarial burden on opposing counsel who are required to make a hurried response under pressure, usually for no good reason. They demand priority consideration, where such consideration is seldom deserved." Id. Therefore, ex parte applications should be filed only for extraordinary relief, wherein the moving party establishes that: (1) "the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) "the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect." Mission Power Eng'g Co. v. Continental Cas. Co., 883 F. Supp. 488, 492 (C.D. Cal. 1995); see also Local Rule 37-3 ("[N]o discovery motions shall be filed or heard on an ex parte basis, absent a showing of irreparable injury or prejudice not attributable to the lack of diligence of the moving party."). Here, Judge King determined ex parte relief is not available to plaintiff since it "has not demonstrated that notice cannot be given to Defendants. . . ." Order of July 29, 2010 at 2-3. For this reason alone, plaintiff's application is denied without prejudice. Mission Power Eng'g Co., 883 F. Supp. at 492-93; Yokohama Tire Corp. v. Dealers Tire Supply, Inc., 202 F.R.D. 612, 613 (D. Ariz. 2001).

Additionally, plaintiff has not shown limited expedited discovery is appropriate here. Although "courts may permit expedited discovery before the Rule 26(f) conference upon a showing of good cause[,]" and "[t]he good cause standard may be satisfied where a party seeks a preliminary injunction[,]" American LegalNet, Inc. v. Davis, 673 F. Supp. 2d 1063, 1066 (C.D. Cal. 2009) (citations and internal quotation marks omitted); see also Advisory Committee Notes to the 1993 amendments to Rule 26(d) (Discovery before the Rule 26(f) conference "will be appropriate in some cases, such as those involving requests for a preliminary injunction or motions challenging personal jurisdiction."), "expedited discovery is not automatically granted merely because a party seeks a preliminary injunction." American LegalNet, Inc., 273 F. Supp. 2d at 1066 (citations omitted).

Here, plaintiff's request for the limited expedited discovery is based solely on the following statements: "In the present case, the Court should permit Plaintiffs [sic] to commence discovery immediately so that it may trace trust assets before they can be further dissipated or otherwise secreted

away." Ex Parte Application at 18:2-5; see also Declaration of Brett Radford ¶¶ 20-21. ("We now seek to locate and freeze the funds which have been stolen. . . . We of course do not know whether and to what extent our funds have been transferred to other entities or commingled with other funds. . . . We therefore request that the Court allow us on an expedited basis to learn from [defendants] HSBC and UBOC what has been done with [plaintiff's] monies and to freeze them wherever they may be, if at all possible."). Other than these statements, plaintiff does not specify the nature of the expedited discovery it seeks to conduct on defendants HSBC and UBOC or third parties,[2] such as whether the discovery is by interrogatories, requests for production of documents, or depositions, and plaintiff has not provided the Court with copies of any proposed written discovery or any proposed topics for depositions; thus, plaintiff's request for expedited discovery is vague and indefinite. See, e.g., IRC, LP v. McLean, 2009 WL 839043, *1-2 (S.D. Ill.) (denying motion for expedited discovery when motion is vague and unpersuasive). Further, the Court finds that Mr. Radford's declaration does not shows plaintiff will be irreparably harmed by delaying discovery on defendants HSBC and UBOC or third parties until after the initial conference under Rule 26(f) takes place. See, e.g., Hopscotch Adoptions, Inc. v. Kachadurian, 2009 WL 4782160, *2 (E.D. Cal.) (denying expedited discovery when "[p]laintiffs offer no concrete support [for their motion] and rely on painting [the defendant] as a lunatic capable of evidence destruction and deletion in the absence of identifiable irreparable harm or good cause for expedited discovery"); Magellan Group Inv., LLC v. First Indigenous Depository Co., LLC, 2005 WL 1629940, *2 (N.D. Cal.) (denying without prejudice plaintiff's request for expedited discovery when plaintiff "has not made any showing as to why it cannot wait to conduct the requested deposition through the normal course of discovery").

   For all these reasons, plaintiff's ex parte application for limited expedited discovery **IS DENIED WITHOUT PREJUDICE**.

                                        Initials of Deputy Clerk_JY

---

   [2] Although plaintiff's ex parte application refers to discovery on defendants and third parties, Mr. Radford's declaration does not refer to third-party discovery.

case105\10-5475.1
8/3/10