1  GLEN R. OLSON  State Bar #111914
   ARI A. BARUTH  State Bar #258418
2  LONG & LEVIT LLP
   465 California Street, Suite 500
3  San Francisco, CA  94104
   TEL: (415) 397-2222   FAX: (415) 397-6392
4  EMAIL:  golson@longlevit.com
             abaruth@longlevit.com
5
   Attorneys for Defendants
6  ANTOINETTE HARDSTONE AND
   COMMERCIAL ESCROW SERVICES, INC.
7

8                  UNITED STATES DISTRICT COURT

9                  CENTRAL DISTRICT OF CALIFORNIA

10                       NORTHERN DIVISION

| | |
|---|---|
| 11  TOTAL ACCESS PAYMENTS, INC. a Delaware Corporation, | CASE No. CV 10 5475-GHK-RC |
| 12 | **ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE AND** |
| 13                 Plaintiff, | **COMMERCIAL ESCROW SERVICES, INC. TO PLAINTIFF'S** |
| 14       vs. | **FIRST AMENDED COMPLAINT** |
| 15  Maximum Business Innovations, Inc. a Colorado Corporation, | **DEMAND FOR JURY TRIAL** |
| 16  Commercial Escrow Services, Inc., a California Corporation, Eagle | |
| 17  Ledge Capital, LLC a California Limited Liability Company, Dakota | |
| 18  Holdings, Inc. a California Corporation, Antoinette Hardstone, | |
| 19  an individual, Kevin McBride, an individual, Timothy P. Gates, an | Action Filed:    September 9, 2010 |
| 20  individual, Matthew Anderson, an individual, Claudia Lopez an | |
| 21  individual, Maxwell A. Wyatt, an individual, Scott Shepard, an | |
| 22  individual, Gene Houston, an individual, Rhett Landon Shepard, | |
| 23  an individual, Michael S. Roddy, an individual, and DOES 1-10 | |
| 24  INCLUSIVE, | |
| 25                 Defendants. | |

26

27     Defendants Antoinette Hardstone and Commercial Escrow Services, Inc.

28  (collectively "Defendants"), through counsel, answer the First Amended Complaint

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475-GHK-RC                    1        ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                                        COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

("Complaint") filed by Plaintiff Total Access Payments, Inc. ("Plaintiff"), as follows:

## ANSWER
## NATURE OF THE ACTION

1.  In answering Paragraph 1 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

2.  In answering Paragraph 2 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## JURISDICTION AND VENUE

3.  In answering Paragraph 3 of the Complaint, Defendants admit that this Court has jurisdiction over Plaintiff's claims.  Defendants deny the remaining allegations in this paragraph.

4.  In answering Paragraph 4 of the Complaint, Defendants admit that they conduct business in California and that this Court has jurisdiction over Defendants in this case.  Defendants deny the remaining allegations in this paragraph.

5.  In answering Paragraph 5 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## THE PARTIES

### The Plaintiff

6.  In answering Paragraph 6 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

### The Defendants

7.  In answering Paragraph 7 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

2

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

**MBI Defendants**

8.  In answering Paragraph 8 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

9.  In answering Paragraph 9 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

10.  In answering Paragraph 10 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

11.  In answering Paragraph 11 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

12.  In answering Paragraph 12 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

13.  In answering Paragraph 13 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

**Dakota Defendants**

14.  In answering Paragraph 14 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

15.  In answering Paragraph 15 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

16.  In answering Paragraph 16 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

3

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1   deny said allegations.

2       17.  In answering Paragraph 17 of the Complaint, Defendants lack sufficient

3   information to admit or deny the allegations in this paragraph and on that basis

4   deny said allegations.

5       18.  In answering Paragraph 18 of the Complaint, Defendants lack sufficient

6   information to admit or deny the allegations in this paragraph and on that basis

7   deny said allegations.

8   **Escrow Defendants**

9       19.  In answering Paragraph 19 of the Complaint, Defendants admit that

10  Commercial Escrow Services, Inc. ("CES") is a California corporation licensed by

11  the State of California with a principle place of business located at 3478 Buskirk

12  Avenue, Suite 242, Pleasant Hill, California 94523.  Except as admitted herein,

13  Defendants deny the remaining allegations in this paragraph.

14      20.  In answering Paragraph 20 of the Complaint, Defendants admit that

15  Antoinette Hardstone is a principal of CES and an individual residing in the State

16  of California.

17                          **GENERAL ALLEGATIONS**

18      21.  In answering Paragraph 21of the Complaint, Defendants lack sufficient

19  information to admit or deny the allegations in this paragraph and on that basis

20  deny said allegations.

21      22.  In answering Paragraph 22 of the Complaint, Defendants lack sufficient

22  information to admit or deny the allegations in this paragraph and on that basis

23  deny said allegations.

24      23.  In answering Paragraph 23 of the Complaint, Defendants lack sufficient

25  information to admit or deny the allegations in this paragraph and on that basis

26  deny said allegations.

27      24.  In answering Paragraph 24 of the Complaint, Defendants lack sufficient

28  information to admit or deny the allegations in this paragraph and on that basis

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC                        ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                            4        COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1    deny said allegations.

2        25.  In answering Paragraph 25 of the Complaint, Defendants lack sufficient

3    information to admit or deny the allegations in this paragraph and on that basis

4    deny said allegations.

5        26.  In answering Paragraph 26 of the Complaint, Defendants lack sufficient

6    information to admit or deny the allegations in this paragraph and on that basis

7    deny said allegations.

8        27.  In answering Paragraph 27 of the Complaint, Defendants admit that CES

9    was an escrow agent for a transaction involving Maximum Business Innovations

10   ("MBI").  Defendants lack sufficient information to admit or deny the remaining

11   allegations in this paragraph and on that basis deny said allegations.

12       28.  In answering Paragraph 28 of the Complaint, Defendants deny each and

13   every allegation contained therein.

14       29.  In answering the allegations of Paragraph 29, Defendants admit that

15   money was deposited with CES pursuant to certain escrow instructions.

16   Defendants lack sufficient information to admit or deny the remaining allegations

17   in this paragraph and on that basis deny said allegations.

18       30.  In answering Paragraph 30 of the Complaint, Defendants admit that CES

19   held escrow pursuant to specific terms.  Except as admitted herein, Defendants

20   deny the remaining allegations of this paragraph.

21       31.  In answering Paragraph 31 of the Complaint, Defendants deny each and

22   every allegation contained therein.

23       32.  In answering Paragraph 32 of the Complaint, Defendants lack sufficient

24   information to admit or deny the allegations in this paragraph and on that basis

25   deny said allegations.

26       33.  In answering Paragraph 33 of the Complaint, Defendants lack sufficient

27   information to admit or deny the allegations in this paragraph and on that basis

28   deny said allegations.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

5

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

34. In answering Paragraph 34 of the Complaint, Defendants deny each and every allegation contained therein.

35. In answering Paragraph 35 of the Complaint, Defendants deny each and every allegation contained therein.

36. In answering Paragraph 36 of the Complaint, Defendants deny each and every allegation contained therein.

37. In answering Paragraph 37 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

38. In answering Paragraph 38 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

39. In answering Paragraph 39 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

40. In answering Paragraph 40 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

41. In answering Paragraph 41 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

42. In answering Paragraph 42 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

43. In answering Paragraph 43 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

44. In answering Paragraph 44 of the Complaint, Defendants lack sufficient

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

6

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

### FIRST CAUSE OF ACTION
### Violations of 18 U.S.C. §1962(c) and (d); Civil RICO and Conspiracy to Commit Civil RICO
### Against MBI Defendants, Dakota Defendants and Escrow Defendants

45.  In answering Paragraph 45 of the Complaint, Defendants reallege their responses to Paragraphs 1 through 44 as if fully set forth herein.

46.  In answering Paragraph 46 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

**A.  The Scheme**

47.  In answering Paragraph 47 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

**B.  The RICO Enterprise**

48.  In answering Paragraph 48 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

49.  In answering Paragraph 49 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

**C.  The Pattern of Racketeering**

50.  In answering Paragraph 50 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

**D.  Injury to Business or Property**

51.  In answering Paragraph 51 of the Complaint, Defendants lack sufficient

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

7

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE & COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## SECOND CAUSE OF ACTION

### Conversion

### Against MBI Defendants, Dakota Defendants and Escrow Defendants

52.  In answering Paragraph 52 of the Complaint, Defendants reallege their responses to Paragraphs 1 through 51 as if fully set forth herein.

53.  In answering Paragraph 53 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

54.  In answering Paragraph 54 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

55.  In answering Paragraph 55 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

56.  In answering Paragraph 56 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

57.  In answering Paragraph 57 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## THIRD CAUSE OF ACTION

### Breach of Fiduciary Duty
### Against MBI Defendants and Escrow Defendants

58.  In answering Paragraph 58 of the Complaint, Defendants reallege Paragraphs 1 through 57 as though fully set forth herein.

59.  In answering Paragraph 59 of the Complaint, Defendants deny they

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

8

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1   owed fiduciary duties to the money and to Plaintiffs.  Except as specifically denied

2   herein, Defendants lack sufficient information to admit or deny the remaining

3   allegations in this paragraph and on that basis deny said allegations.

4          60.  In answering Paragraph 60 of the Complaint, Defendants deny any

5   obligation to return to Plaintiff's funds and/or to provide an accounting.  Except as

6   specifically denied herein, Defendants lack sufficient information to admit or deny

7   the remaining allegations in this paragraph and on that basis deny said allegations.

8          61.  In answering Paragraph 61 of the Complaint, Defendants deny that they

9   breached fiduciary duties.  Except as expressly denied herein, Defendants lack

10  sufficient information to admit or deny the remaining allegations in this paragraph

11  and on that basis deny said allegations.

12         62.  In answering Paragraph 62 of the Complaint, Defendants deny that the

13  Plaintiffs have been harmed by any alleged breach of fiduciary duties by

14  Defendants and that Defendants' conduct was malicious, oppressive, warranting

15  the imposition of punitive damages.  Except as expressly denied herein,

16  Defendants lack sufficient information to admit or deny the allegations in this

17  paragraph and on that basis deny said allegations.

### FOURTH CAUSE OF ACTION
#### Professional Negligence

#### Against MBI Defendants and Escrow Defendants

18

19

20  63.  In answering Paragraph 63 of the Complaint, Defendants reallege their

21  responses to Paragraphs 1 through 62 as if fully set forth herein.

22         64.  In answering Paragraph 64 of the Complaint, Defendants deny that they

23  owed a duty of care to Plaintiff, a non-party to the escrow in question.  Except as

24  expressly denied herein, Defendants lack sufficient information to admit or deny

25  the remaining allegations in this paragraph and on that basis deny said allegations.

26         65.  In answering Paragraph 65 of the Complaint, Defendants expressly deny

27  that they failed to perform reasonable diligence or that they had a duty to

28

LONG  &  LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC          9          ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                              COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1  investigate Dakota Holdings.  Except as expressly denied herein, Defendants lack
2  sufficient information to admit or deny the remaining allegations in this paragraph
3  and on that basis deny said allegations.

4      66.  In answering Paragraph 66 of the Complaint, Defendants deny that
5  Plaintiff has been damaged in the amount of $1 million or in any other amount as
6  the result of any conduct by Defendants.  Except as expressly denied herein,
7  Defendants lack sufficient information to admit or deny the remaining allegations
8  in this paragraph and on that basis deny said allegations.

9      67.  In answering Paragraph 67 of the Complaint, Defendants deny that
10  Plaintiff has been damaged as the result of any conduct on the part of Defendants.
11  Except as expressly denied herein, Defendants lack sufficient information to admit
12  or deny the remaining allegations in this paragraph and on that basis deny said
13  allegations.

14              **FIFTH CAUSE OF ACTION**
15          **Securities Fraud Against All Defendants**

16      68.  In answering Paragraph 68 of the Complaint, Defendants reallege their
17  responses to Paragraphs 1 through 67 as if fully restated here.

18      69.  In answering Paragraph 69 of the Complaint, Defendants lack sufficient
19  information to admit or deny the allegations in this paragraph and on that basis
20  deny said allegations.

21      69 (sic).  In answering Paragraph 69(sic) of the Complaint, Defendants lack
22  sufficient information to admit or deny the allegations in this paragraph and on
23  that basis deny said allegations.

24      70.  In answering Paragraph 70 of the Complaint, Defendants lack sufficient
25  information to admit or deny the allegations in this paragraph and on that basis
26  deny said allegations.  .

27      71.  In answering Paragraph 71 of the Complaint, Defendants lack sufficient
28  information to admit or deny the allegations in this paragraph and on that basis

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC                          ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                          10    COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1    deny said allegations.

2        72.  In answering Paragraph 72 of the Complaint, Defendants lack sufficient

3    information to admit or deny the allegations in this paragraph and on that basis

4    deny said allegations.

5        73.  In answering Paragraph 73 of the Complaint, Defendants lack sufficient

6    information to admit or deny the allegations in this paragraph and on that basis

7    deny said allegations.

8        74.  In answering Paragraph 74 of the Complaint, Defendants lack sufficient

9    information to admit or deny the allegations in this paragraph and on that basis

10   deny said allegations.

11       75.  In answering Paragraph 75 of the Complaint, Defendants lack sufficient

12   information to admit or deny the allegations in this paragraph and on that basis

13   deny said allegations.

14       76.  In answering Paragraph 76 of the Complaint, Defendants lack sufficient

15   information to admit or deny the allegations in this paragraph and on that basis

16   deny said allegations.

17       77.  In answering Paragraph 77 of the Complaint, Defendants lack sufficient

18   information to admit or deny the allegations in this paragraph and on that basis

19   deny said allegations.

20                      **SIXTH CAUSE OF ACTION**

21                              **Fraud**
22   **Against MBI Defendants, Dakota Defendants and Escrow Defendants**

         78.  In answering Paragraph 78 of the Complaint, Defendants reallege their
23
     responses to Paragraphs 1 through 77 as if fully stated here.
24
         79.  In answering Paragraph 79 of the Complaint, Defendants lack sufficient
25
     information to admit or deny the allegations in this paragraph and on that basis
26
     deny said allegations.
27
         80.  In answering Paragraph 80 of the Complaint, Defendants lack sufficient
28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

11

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

81.  In answering Paragraph 81 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

82.  In answering Paragraph 82 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

83.  In answering Paragraph 83 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

84.  In answering Paragraph 84 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## SEVENTH CAUSE OF ACTION

### To Set Aside Fraudulent Conveyances
### Against MBI Defendants, Dakota Defendants and Escrow Defendants

85.  In answering Paragraph 85 of the Complaint, Defendants reallege their responses to Paragraphs 1 through 84 as if fully restated here.

86.  In answering Paragraph 86 of the Complaint, Defendants admit that an escrow was opened with MBI.  Except as expressly admitted herein, Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny said allegations.

87.  In answering Paragraph 87 of the Complaint, Defendants deny that they have commingled or improperly transferred funds without Plaintiff's consent and in violation of the Escrow Instructions.  Except as expressly admitted herein, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

12

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

88.  In answering Paragraph 88 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

## EIGHTH CAUSE OF ACTION

### Unfair Business Practices Cal. Bus. & Prof. Code §17200

### Against the MBI Defendants, Dakota Defendants and Escrow Defendants

89.  In answering Paragraph 89 of the Complaint, Defendants reallege their responses to Paragraphs 1 through 88 as if fully restated here.

90.  In answering Paragraph 90 of the Complaint, Defendants lack sufficient information to admit or deny the allegations in this paragraph and on that basis deny said allegations.

91.  In answering Paragraph 91 of the Complaint, Defendants deny that they violated the Unfair Business Practices Act by engaging in the unlawful, unfair and/or fraudulent business acts and/or practices alleged herein, including the mail fraud, wire fraud, securities fraud.  Except as expressly denied herein, Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny said allegations.

92.  In answering Paragraph 92 of the Complaint, Defendants deny that Plaintiff has sustained any damage as a result of any conduct by Defendants. Except as expressly denied herein, Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny said allegations.

93.  In answering Paragraph 93 of the Complaint, Defendants deny that any conduct by Defendants has deceived members of the public into hiring the MBI and Dakota Defendants as their "funding source."  Except as expressly denied herein, Defendants lack sufficient information to admit or deny the remaining allegations in this paragraph and on that basis deny said allegations.

94.  In answering Paragraph 94 of the Complaint, Defendants lack sufficient

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

13

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1   information to admit or deny the allegations in this paragraph and on that basis
2   deny said allegations.

3       95.  In answering Paragraph 95 of the Complaint, Defendants lack sufficient
4   information to admit or deny the allegations in this paragraph and on that basis
5   deny said allegations.

## NINTH CAUSE OF ACTION

### Unjust Enrichment
### Against MBI and Dakota Defendants

       96.  In answering Paragraph 96 of the Complaint, Defendants reallege their
10  responses to Paragraphs 1 through 95 as if fully restated here.

11      97.  In answering Paragraph 97 of the Complaint, Defendants lack sufficient
12  information to admit or deny the allegations in this paragraph and on that basis
13  deny said allegations.

14      98.  In answering Paragraph 98 of the Complaint, Defendants lack sufficient
15  information to admit or deny the allegations in this paragraph and on that basis
16  deny said allegations.

17      99.  In answering Paragraph 99 of the Complaint, Defendants lack sufficient
18  information to admit or deny the allegations in this paragraph and on that basis
19  deny said allegations.

20      100.   In answering Paragraph 100 of the Complaint, Defendants lack
21  sufficient information to admit or deny the allegations in this paragraph and on
22  that basis deny said allegations.

## TENTH CAUSE OF ACTION

### False and Misleading Advertising 15 U.S.C. §1125(a)(1)(B)
### Against MBI Defendants and ELC

       101.   In answering Paragraph 101 of the Complaint, Defendants reallege
26  their responses to Paragraphs 1 through 100 as if fully restated here.

27      102.   In answering Paragraph 102 of the Complaint, Defendants lack

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC                    ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                    14    COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1  sufficient information to admit or deny the allegations in this paragraph and on

2  that basis deny said allegations.

3      103.   In answering Paragraph 103 of the Complaint, Defendants lack

4  sufficient information to admit or deny the allegations in this paragraph and on

5  that basis deny said allegations.

6      104.   In answering Paragraph 104 of the Complaint, Defendants lack

7  sufficient information to admit or deny the allegations in this paragraph and on

8  that basis deny said allegations.

9      105.   In answering Paragraph 105 of the Complaint, Defendants lack

10  sufficient information to admit or deny the allegations in this paragraph and on

11  that basis deny said allegations.

12  ## ELEVENTH CAUSE OF ACTION

13  ### Failure to Supervise and Violation of Section 20(a) of the Exchange Act of

14  ### 1934
### Against ELC

15      106.   In answering Paragraph 106 of the Complaint, Defendants reallege

16  their responses to Paragraphs 1 through 105 as if fully restated here.

17      107.   In answering Paragraph 107 of the Complaint, Defendants lack

18  sufficient information to admit or deny the allegations in this paragraph and on

19  that basis deny said allegations.

20      108.   In answering Paragraph 108 of the Complaint, Defendants lack

21  sufficient information to admit or deny the allegations in this paragraph and on

22  that basis deny said allegations.

23      109.   In answering Paragraph 109 of the Complaint, Defendants lack

24  sufficient information to admit or deny the allegations in this paragraph and on

25  that basis deny said allegations.

26      110.   In answering Paragraph 110 of the Complaint, Defendants lack

27  sufficient information to admit or deny the allegations in this paragraph and on

28

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC                              ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
                                    15      COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1    that basis deny said allegations.

2        111.   In answering Paragraph 111 of the Complaint, Defendants lack

3    sufficient information to admit or deny the allegations in this paragraph and on

4    that basis deny said allegations.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. As a first affirmative defense to the causes of action asserted against the
Defendants in the Complaint, Defendants allege that the Complaint fails to state a
claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
### (Estoppel)

2. As a second affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff's recovery is limited
or barred by the doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE
### (Adequate Remedy at Law)

3. As a third affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff is barred from
seeking equitable relief because it now has, and at all times alleged in the
Complaint has had, an adequate remedy at law.

### FOURTH AFFIRMATIVE DEFENSE
### (Intervening and/or Superseding Events)

4. As a fourth affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or
in part from obtaining any relief under the Complaint because any damages alleged
to have been suffered by Plaintiff was proximately caused by intervening and
superseding events or actions not the legal fault or cause of Defendants.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

16

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

## FIFTH AFFIRMATIVE DEFENSE
### (Waiver)

5. As a fifth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff's recovery is limited or barred by the doctrine of waiver.

## SIXTH AFFIRMATIVE DEFENSE
### (Consent and Ratification)

6. As a sixth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because Plaintiff consented to and ratified all the alleged acts or omissions of Defendants by reason of its knowledge, conduct and statements.

## SEVENTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

7. As a seventh affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because of Plaintiff's own unclean hands, bad faith, neglect and fault in connection with the matters alleged.

## EIGHTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

8. As an eighth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff's recovery is limited or barred because Plaintiff failed to make reasonable efforts to mitigate any alleged injury or damage, which would have prevented or reduced its injury or damage, if any.

## NINTH AFFIRMATIVE DEFENSE
### (Assumption of Risk)

9. As a ninth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff's recovery is limited or barred by Plaintiff's assumption of the risks of engaging in the transactions

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

17

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1 | alleged in the Complaint, including, but not limited to, the material facts and risks
2 | that were publicly disclosed or in the public domain.

### TENTH AFFIRMATIVE DEFENSE
### (Conduct of Third Parties)

10. As a tenth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint from Defendants because the conduct of parties other than Defendants proximately caused the alleged injury or damage alleged in the Complaint, if any.

### ELEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exercise Reasonable Care)

11. As an eleventh affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because Plaintiff was negligent and did not exercise reasonable due care to discover the existence of some or all of the facts alleged in the Complaint upon which it asserts liability against Defendants.  Thus, the actual and proximate cause of the damage to Plaintiff, if any, in whole or in part, is Plaintiff's negligence and its failure to exercise reasonable care.

### TWELFTH AFFIRMATIVE DEFENSE
### (Failure to Plead Fraud with Particularity)

12.  As a twelfth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because Plaintiff failed to plead the underlying facts with sufficient particularity.

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Lack of Justifiable/Actual Reliance)

13.  As a thirteenth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because Plaintiff did not

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

18

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

1   justifiably and/or actually rely upon any alleged misrepresentation of material fact

2   or alleged concealment or omission of material fact by Defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (No Proximate Cause)

14.   As a fourteenth affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or
in part from obtaining any relief under the Complaint because the asserted losses
and damages, if any, were not proximately caused by Defendants.

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (No Special Relationship/Fiduciary Duty)

15.   As a fifteenth affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or
in part from obtaining any relief under the Complaint because Defendants did not
have any special relationship with or fiduciary duty to Plaintiff.

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Punitive Damages Claim Barred)

16.   As a sixteenth affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff's claim for punitive
or exemplary damages violates Defendants' right to procedural due process under
the Fourteenth Amendment of the United States Constitution, violates Defendants'
right to protection from "excessive fines" as provided in the Eight Amendment of
the United States Constitution and right to substantive due process as provided by
the Fifth Amendment to the United States Constitution, and violates rights provided
under the Constitution of the State of California, and Plaintiff therefore is barred
from recovery of punitive or exemplary damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (Standing)

17.   As a seventeenth affirmative defense to the causes of action asserted against
Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or
in part from obtaining any relief under the Complaint because Plaintiff lacks

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

19

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

standing to sue and/or is not the real party in interest.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Lack of Privity)

18.  As an eighteenth affirmative defense to the causes of action asserted against Defendants in the Complaint, Defendants allege that Plaintiff is barred in whole or in part from obtaining any relief under the Complaint because Plaintiff does not stand in privity with Defendants.

## ADDITIONAL AFFIRMATIVE DEFENSE

19.  Defendants reserve the right to allege affirmative defenses and additional facts supporting their defenses after conducting further discovery, investigation, research and analysis.

## PRAYER FOR RELIEF

WHEREFORE, Defendants Antoinette Hardstone and Commercial Escrow Services, Inc. pray for relief as follows:

1.  That Plaintiff take nothing by way of its First Amended Complaint;

2.  That judgment be entered in favor of Antoinette Hardstone and Commercial Escrow Services, Inc. and against Plaintiff;

3.  That Antoinette Hardstone and Commercial Escrow Services, Inc. be awarded their cost of suit incurred herein; and

4.  Any other relief the Court deems appropriate.


Dated:  September 23, 2010                    LONG & LEVIT LLP


                                              By _____
                                                 GLEN R. OLSON
                                                 Attorneys for Defendants
                                                 ANTOINETTE HARDSTONE
                                                 AND COMMERCIAL ESCROW
                                                 SERVICES, INC.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

20

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Defendants Antoinette Hardstone and Commercial Escrow Services, Inc., hereby demand a trial by jury in this action.

Dated:  September 23, 2010          LONG & LEVIT LLP

By: _____
          GLEN R. OLSON
          Attorneys for Defendants
          ANTOINETTE HARDSTONE AND
          COMMERCIAL ESCROW
          SERVICES, INC.

DOCS\S5656-028\581526.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

21

ANSWER OF DEFENDANTS ANTOINETTE HARDSTONE &
COMMERCIAL ESCROW SRVS.; DEMAND FOR JURY TRIAL