1  GLEN R. OLSON  State Bar #111914
   SHANE M. CAHILL State Bar #227972
2  ARI A. BARUTH  State Bar #258418
   LONG & LEVIT LLP
3  465 California Street, Suite 500
   San Francisco, CA  94104
4  TEL: (415) 397-2222   FAX: (415) 397-6392
   EMAIL:  golson@longlevit.com
5          scahill@longlevit.com
           abaruth@longlevit.com
6
   Attorneys for Defendants
7  ANTOINETTE HARDSTONE AND
   COMMERCIAL ESCROW SERVICES, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TOTAL ACCESS PAYMENTS, INC. a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>Maximum Business Innovations, Inc. a Colorado Corporation, Commercial Escrow Services, Inc., a California Corporation, Eagle Ledge Capital, LLC a California Limited Liability Company, Dakota Holdings, Inc. a California Corporation, Antoinette Hardstone, an individual, Kevin McBride, an individual, Timothy P. Gates, an individual, Matthew Anderson, an individual, Claudia Lopez an individual, Maxwell A. Wyatt, an individual, Scott Shepard, an individual, Gene Houston, an individual, Rhett Landon Shepard, an individual, Michael S. Roddy, an individual, and DOES 1-10 INCLUSIVE,<br><br>Defendants. | CASE No. CV 10 5475-GHK-RC<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date:       March 28, 2011<br>Time:       9:30 a.m.<br>Courtroom:  650 – Roybal Bldg.<br>            255 E. Temple Street<br>            Los Angeles, CA<br><br>Action Filed:  September 9, 2010 |

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

# TABLE OF CONTENTS

PAGE NO.

I. INTRODUCTION & SUMMARY OF ARGUMENT ................................... 1

II. STATEMENT OF FACTS ............................................................................ 2

III. ARGUMENT .................................................................................................. 4

    A. Standards Governing Summary Judgment ........................................ 4

    B. Material Issues Exist As To TAP's Standing ..................................... 5

    C. Elements of Plaintiff's Claim: ............................................................ 7

        1. Standard of Care Applicable to Escrow Agents Must Be Determined From Expert Testimony ........................................ 8

        2. Material Issues of Fact Exist As To Whether CES' Owed A Duty To TAP .................................................................... 11

        3. Material Issues of Fact Exist As to Whether CES Breached Its Duties ................................................................. 12

        4. Material Issues of Fact Exist As To Causation ........................ 13

    D. Plaintiff's Motion for Partial Summary Judgment is Premature ......... 14

IV. CONCLUSION ............................................................................................. 16

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

i

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

# TABLE OF AUTHORITIES

PAGE NO.

## CASES

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242, 255 (1986)..................................................................................5

*Booz v. Kimmel*,
  55 Cal.App.4th 573, 580 (1997).......................................................................12

*Brummett v. County of Sacramento*,
  21 Cal.3d 880, 887 (1978)...............................................................................15

*Christensen v. Georgia-Pacific Corp.*,
  279 F.3d 807, 813 (9th Cir. 2002)....................................................................5

*Church of Scientology of San Francisco v. Internal Revenue Service*,
  991 F2d 560, 562 (9th Cir. 1993).....................................................................17

*Daisy Sys. Corp.*,
  97 F.3d 1171, 1175 (9th Cir. 1996)..................................................................15

*Eastman v. Kodak Co. v. Image Technical Services, Inc.*,
  504 U.S. 451, 456 (1992).................................................................................5

*Jackson v. Johnson*,
  5 Cal.App.4th 1350, 1355 (1992) ...................................................................16

*Jines v. General Elec. Co.*,
  303 F.2d 76, 79-80 (9th Cir. 1962) ..................................................................9

*Kangarlou v. Progressive Title Co., Inc.*,
  128 Cal.App.4th 1174, 1179 ............................................................................8

*Kirk Corp. v. First American Title Co.*,
  220 Cal.App.3d 785, 796-797 (1990...............................................................12

*Kirsch v. Duryea*, 21 Cal.3d 303, 311 (1978) .....................................................9

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555, 560 (1992).................................................................................6

*Miller v. Los Angeles County Flood Control Dist.*,
  8 Cal.3d 689, 702-704 (1973) ......................................................................1, 9

*Minnesota Mut. Life Ins. Co. v. Ensley*,
  174 F.3d 977, 982-983 (9th Cir. 1999) ........................................................6, 14

*Nationwide Live Ins. Co. v. Bankers Leasing Ass'n, Inc.*,
  182 F.3d 157, 160 (2nd Cir. 1999)....................................................................5

*Siegel v. Fidelity Nat. Title Ins. Co.*,
  46 Cal.App.4th 1181, 1194 (1996) .................................................................16

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

ii

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

*Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27
   Cal.4th 705, 711-712 ................................................................................1, 7, 11, 13

*T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d
   626, 630-631 (9th Cir. 1987) .................................................................................5

*Trishan Air, Inc., v. Federal Ins. Co.*, 2008 WL 5532026 (C.D. Cal.,
   2008) .......................................................................................................................9

*Westfall v. Erwin*, 484 U.S. 292 (1988); *Bryan v. Hall*, 238 F.2d 783,
   787 (5th Cir. 1956) .................................................................................................5

*Whalley v. Sakur*, 804 F.2d 580, 585 (10th Cir. 1986) ...............................................9

**STATUTES**

California Financial Code § 17000 et. seq .................................................................11

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

iii

MEMORANDUM OF POINTS AND AUTHORITIES IN
OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

COME NOW Defendants ANTOINETTE HARDSTONE and COMMERCIAL ESCROW SERVICES, INC. (collectively "CES") and hereby submit the following Memorandum of Points & Authorities in Opposition to Plaintiff's Motion for Partial Summary Judgment.

## I. INTRODUCTION & SUMMARY OF ARGUMENT

Plaintiff's Motion for Partial Summary Judgment against CES is utterly lacking in proper evidentiary support and makes numerous improper assumptions of fact. Plaintiff claims that it is entitled to Summary Judgment against CES on the basis that it is undisputed that CES breached the standard of care owed to it in connection with an escrow CES handled back in December 2010 and January 2011. Plaintiff's motion is flawed in several respects.

Beyond the lack of proper evidentiary support (see, *Defendants' Objections to Plaintiff's Evidence*), Plaintiff fails to submit the declaration of a properly qualified expert to render an opinion regarding the applicable standard of care that should be applied to the facts of this case. This failure alone defeats Plaintiff's motion. *See, Miller v. Los Angeles County Flood Control Dist.*, 8 Cal.3d 689, 702-704 (1973) (expert testimony normally required to establish standard of care in professional negligence cases).

Plaintiff also fails to establish that it even has standing to assert a professional negligence claim against Defendant. Plaintiff's motion completely lacks substantive support. There are no facts to establish that CES owed Plaintiff a duty of care under the circumstances of this case, and contrary to Plaintiff's position, since it was never actually a party to the escrow transaction at issue in this case, CES did not owe Plaintiff any duties. *Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705, 712 (2002). There is no evidence that CES breached its duties of care during the escrow between Dakota and MBI, and in fact, according to the declaration of Ms. Hardstone, the parties submitted instructions to CES, and those instructions were followed. To the extent Plaintiff

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

1

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

was harmed or lost the money it invested with MBI, this loss was not caused by Defendant's conduct, as it received no instructions from TAP.

At a minimum, there are numerous factual disputes that preclude granting Plaintiff's request for Partial Summary Judgment at this premature phase of the litigation, and as such, Plaintiff's motion should be denied.

## II. **STATEMENT OF FACTS**

According to Plaintiff's First Amended Complaint (the "Complaint") in this matter, Defendant CES and Ms. Hardstone negligently handled an escrow transaction under which Plaintiff claims it was owed certain duties. *Plaintiff's First Amended Complaint ("FAC")*, ¶¶ 63-67. Exhibit B to the Complaint is an unsigned and incomplete set of escrow instructions purportedly entered into between Plaintiff Total Access Payments, Inc. (hereinafter "TAP") and Defendant Maximum Business Innovations, Inc. (hereinafter "MBI"). That unsigned and incomplete set of instructions forms the basis for the instant motion.

In fact, the parties to this escrow, No. 39-5099-AH were MBI and Dakota Holdings, Inc. (hereinafter "Dakota"). *See, Declaration of Ms. Hardstone (hereinafter "Decl. Hardstone")*, ¶ 4. Contrary to Plaintiff's assertion in its Motion for Partial Summary Judgment, TAP was not a party to the escrow that was handled by CES and Ms. Hardstone. *Decl. Hardstone*, ¶ 4.

Escrow No. 39-5099-AH was opened after Defendant Matthew Anderson of Dakota initially contacted Ms. Hardstone on or about December 16, 2009, about handling an escrow for Dakota and MBI. *Decl. Hardstone*, ¶ 5. The proposed transaction initially involved MBI's deposit into escrow of funds, in exchange for Dakota's deposit of a Stand By Letter of Credit ("SBLC") into the escrow. *Id*. Ms. Hardstone gave Mr. Anderson an escrow account number and the two discussed instructions for how funds were to be wired into the escrow account. *Id*.

On or about December 30, 2009, Mr. Anderson sent Ms. Hardstone "draft instructions" dated December 19, 2009 via e-mail, for the MBI-Dakota transaction.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

2

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

*Decl. Hardstone*, ¶ 6. Plaintiff TAP was not a Party to or identified in these draft instructions. *Id.* at ¶ 7. Instead, it appears that MBI was separately dealing with TAP. In that transaction, on or about December 30, 2009, TAP wired $1,000,000.00 to the CES escrow account "For Benefit of Maximum Business Innovations, Inc., Escrow No. 39-5099-AH." *Id.*

Thereafter, on or about January 8, 2010, Ms. Hardstone received final escrow instructions (dated January 7, 2010) from Mr. Anderson. *Decl. Hardstone,* ¶ 8; Exh. "A". Mr. Anderson advised that these instructions were intended to be the "final version." *Id.* Matthew Anderson signed the instructions on behalf of Dakota, and Kevin McBride signed on behalf of MBI. *Id.* TAP was not a party to or identified in these final escrow instructions. *Id.*

According to the signed, final escrow instructions, Dakota was to obtain a Letter of Credit or Bank Guarantee in an amount not less than $15,000,000.00, with certain terms, and in exchange Dakota was to receive the funds in escrow. *Decl. Hardstone,* ¶ 9; Exh. "A", p. 1. CES's duties pursuant to the signed, final escrow instructions for Escrow No. 39-5099-AH between Dakota and MBI were to: (1) confirm that the instrument Dakota deposited into escrow mirrored the draft instrument (which was set forth in Exhibit "A" to the instructions), (2) to release the funds deposited in escrow to Dakota, and (3) to then close the escrow. *Id.* at ¶ 10; Exh. "A", p. 1. The instructions further provided for a 21-day period during which the Parties, MBI and Dakota, waived the right to cancel, and set forth a provision that if the instrument was not evidenced to CES within 21 days, and a request was made for cancellation, the funds would be returned to the depositor. *Id.*; Exh. "A", p. 3. These were the full extent of CES's duties to Dakota and MBI. *Id.* No other individuals or entities were Parties to this escrow. *Id.*

Following receipt of these instructions, on or about January 13, 2010, Mr. Anderson provided confirmation that the collateral instrument had been issued. *Decl. Hardstone,* ¶ 11. Both parties (Dakota and MBI) approved the language of

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

3

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

the instrument, and escrow was completed, with the funds being released to Dakota. *Id.*

In completing escrow, Ms. Hardstone relied up the instructions that Dakota and MBI provided. *Decl. Hardstone,* ¶ 12. These were the instructions that controlled her and CES's actions with respect to this escrow, and it was under these instructions that she and CES acted. *Id.*

Neither Ms. Hardstone, nor CES were ever provided with any instructions from TAP. *Decl. Hardstone,* ¶ 13. TAP was never a party to CES Escrow File No. 39-50-99-AH, or any other escrow transaction handled by CES involving Dakota and/or MBI. *Id.* at ¶ 14. Neither Ms. Hardstone, nor CES, ever served as an escrow agent for TAP. *Id.* at ¶ 15.

Based on the foregoing facts, and the disputes arising therefrom, Plaintiff's Motion for Partial Summary Judgment should be denied. Moreover, as set forth below, and in Defendants' separate evidentiary objections, Plaintiff's motion is based upon a wholly inadmissible and inadequate evidentiary showing. The absence of supporting evidence is an independent, and entirely sufficient, basis for denial of Plaintiff's motion.

## III. ARGUMENT

### A. Standards Governing Summary Judgment

A party moving for summary judgment has the burden of establishing that there is "no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." F.R.C.P. § 56(c)(2). The law imposes this "heavy burden" on a moving party because summary judgment is a "drastic device" that deprives a party of the right to a jury trial. *Nationwide Live Ins. Co. v. Bankers Leasing Ass'n, Inc.*, 182 F.3d 157, 160 (2nd Cir. 1999). Accordingly, courts should act with utmost caution in granting summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Neither do we suggest that the trial courts should act other than with caution in granting summary judgment.") All inferences drawn

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

4

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

from the evidence must be viewed in light most favorable to the non-moving party. *Id.* ("The evidence of the non-movant is to believed, and all justifiable inferences are to be drawn in his favor"); *see also, Eastman v. Kodak Co. v. Image Technical Services, Inc.*, 504 U.S. 451, 456 (1992); *T.W. Elec. Service, Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630-631 (9th Cir. 1987).

Whether or not a party has acted with "due care," or was negligent, is generally a matter to be decided by a jury. *Westfall v. Erwin*, 484 U.S. 292 (1988); *Bryan v. Hall*, 238 F.2d 783, 787 (5th Cir. 1956); *Christensen v. Georgia-Pacific Corp.*, 279 F.3d 807, 813 (9th Cir. 2002). Further, summary judgment is improper where the issue is which of several documents or agreements expresses the terms of a contract. *Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 982-983 (9th Cir. 1999).

In this case, there are questions of fact as to whether or not CES and/or Ms. Hardstone owed Plaintiff a duty of care in connection with Plaintiff's professional negligence claim, whether Defendants breached that duty (or were negligent), and questions regarding which of several purported escrow agreements controlled the alleged escrow. As set forth more thoroughly below, for these reasons, and others, Plaintiff's motion for partial summary judgment should be denied.

### B. Material Issues Exist As To TAP's Standing

Standing is a constitutional issue under Article III, and the party invoking federal jurisdiction bears the burden of establishing the following three elements: 1) that it has suffered an injury in fact; 2) a causal connection between the injury and the conduct complained of -- the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court; and 3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. *See, Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992).

Article III's requirements are not "mere" pleading formalities. They are

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

5

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

"rather an indispensable part of the plaintiff's case, [and] each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner and degree of evidence required at the successive stages of the litigation." *Lujan*, 504 U.S. at 560. Irrespective of other laws to the contrary, Article III standing is the "irreducible constitutional minimum" of standing and a "threshold issue" to be addressed before a federal court "proceeds at all in any cause."

In this case, Plaintiff has failed to produce evidence satisfying the standing requirement. Namely, that the conduct complained of is traceable to CES and Ms. Hardstone. Plaintiff offers four exhibits in support of its motion, all of which lack proper foundation and are hearsay. Even assuming the Court considers these documents and the conclusory, unsupported statements contained in Plaintiff's Proposed Statement of Uncontroverted Facts, Plaintiff still fails to establish standing as to CES and Ms. Hardstone.

The "escrow agreement" offered by Plaintiff that would supposedly provide Plaintiff with standing is unsigned and appears incomplete. Moreover, Ms. Hardstone's declaration establishes that the only parties to the escrow transaction in this matter were Dakota and MBI. *Decl. Hardstone*, ¶¶ *4, 7, 8, 13, 14; Exh. A.* Neither CES nor Ms. Hardstone ever operated under the purported instructions which serve as the evidentiary backbone of Plaintiff's motion. *Id. at* ¶¶ *13, 14.* As a result, neither CES nor Ms. Hardstone owed any duties to TAP. *See, Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705, 711-712 ("an escrow holder's obligations are 'limited to faithful compliance with [the depositors'] instructions.") The only individuals or entities to whom an escrow holder owes any duties are to the parties to the escrow. *Id.* This <u>did not</u> include TAP. Thus, TAP's alleged harm is not "traceable" to Defendants' alleged professional negligence. At a minimum, a dispute exists as to who the parties were to the escrow, and what the relevant duties were to such parties. Given Plaintiff's

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

6

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

failure to present any admissible evidence that would invest it with standing to pursue such a claim against Defendants CES and Ms. Hardstone, Plaintiff's Motion for Summary Judgment should be denied.

In addition to Plaintiff's failure to present sufficient evidence to establish standing to pursue a professional negligence claim against Defendants, its motion also fails to offer adequate, admissible evidence to support the necessary elements of its professional negligence cause of action, and, even to the extent that Plaintiff's purported evidence is considered, there are multiple factual disputes that prevent a finding of summary judgment in Plaintiff's favor.

### C. Elements of Plaintiff's Claim:

Plaintiff seeks partial summary judgment against CES and Ms. Hardstone on the Complaint's Fourth Cause of Action, for Professional Negligence. In that count, Plaintiff alleges that CES "owed Plaintiff a duty of care to provide independent, unbiased, objective investment advice with respect to its needs," and that CES further "owed Plaintiff the duty to provide that investment and escrow advice in good faith in accordance with accepted professional standards." *Plaintiff's First Amended Complaint, ¶ 64, page 13, lines 6-11.* Plaintiff alleges that CES violated its duties by "failing to properly perform due diligence, intentionally misrepresenting its capabilities, failure to follow escrow instructions," and failure to direct and/or return escrowed and trust funds as directed and required pursuant to the Escrow Instructions." *Id. at ¶ 64, page 13, lines 11-15.* In its Answer, both CES and Ms. Hardstone have denied that they owed any duty to Plaintiff and that Plaintiff was a party to the escrow between Dakota and MBI. *See Request for Judicial Notice, Exh. "A", Answer, Affirmative Defense Nos. 15, 18.*

To establish a claim for professional negligence, Plaintiff must prove that CES breached the standard of care that governed it at the time of the alleged escrow. See, *Kangarlou v. Progressive Title Co., Inc.*, 128 Cal.App.4th 1174, 1179 (escrow holder's obligation is "to exercise reasonable skill and diligence in carrying

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

7

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

out the escro w instructions . . . .") As to this threshold requirement, Plaintiff has failed to offer competent evidence in support of its motion as to the level of "skill and diligence" CES was required to exercise under the circumstances, and whether it failed to exercise the requisite skill and diligence.

    1.  Standard of Care Applicable to Escrow Agents Must Be Determined From Expert Testimony

Plaintiff asserts that the standard of care governing CES and Ms. Hardstone in connection with its duties with relation to the escrow and underlying transaction between Dakota and MBI does not require expert testimony and is something that a common layperson would understand. Defendants disagree.

Generally, in cases alleging professional negligence, expert testimony is required to establish the standard of care. *See, Jines v. General Elec. Co.,* 303 F.2d 76, 79-80 (9th Cir. 1962); *Whalley v. Sakur,* 804 F.2d 580, 585 (10th Cir. 1986); *Kirsch v. Duryea,* 21 Cal.3d 303, 311 (1978); *Miller v. Los Angeles County Flood Control Dist.,* 8 Cal.3d 689, 702-704 (1973). The rare exception to this rule is when a defendant's professional negligence is "so obvious, if not bizarre," that the issues "present no problem in the determination of [the defendant's] negligence." *Miller, supra,* 8 Cal.3d at 703, fn. 15 (e.g., a homebuilder constructing "a fireplace without a chimney" or "a second floor without any means of access to it.") Otherwise, "[t]he standard of care applicable to a given profession **must be** determined from testimony of experts, unless the conduct involved is within the common knowledge of laymen." *Trishan Air, Inc., v. Federal Ins. Co.,* 2008 WL 5532026 (C.D. Cal., 2008) (emphasis added; citing, *Miller, supra,* 8 Cal.3d at 702).

In *Trishan Air*, for example, the court found that "[t]he standards and practices of a wholesale [insurance] broker are not matters of general knowledge," and thus expert opinion was required to delineate the broker's duty of reasonable care in procuring insurance for its client. *Id.* at 5. This case, which deals with an escrow agent's alleged duties to third parties with respect to verifying Stand By

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC   8   MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

1  Letters of Credit and other Collateral Debt Instruments pursuant to the terms of
2  specifically drafted escrow instructions, also requires that Plaintiff establish the
3  applicable standard of care through expert declarations or testimony.
4  　　　Nonetheless, Plaintiff contends that expert testimony is unnecessary in this
5  case to establish CES's standard of care or to show that Defendant CES was
6  negligent. Without citing any authorities on point to support its argument, Plaintiff
7  "submits that the professional standard of care for an escrow holder . . . is a type of
8  conduct easily accessible to laypeople." *Plaintiff's Memo. of Points & Authorities,*
9  *p. 4, lines 15-19.* Plaintiff, however, fails to explain why a common layperson
10 would have any knowledge regarding the duties of an escrow agent handling the
11 escrow for such a transaction.
12 　　　Contrary to Plaintiff's assertion, the nature and extent of CES's duties under
13 the circumstances of this case are not matters of common knowledge among
14 ordinary people. For example, one of Plaintiff's contentions is that CES breached
15 the standard of care owed by an escrow holder to its principals by failing to "verify
16 the 'legal status' of Dakota Holdings, Inc." *Plaintiff's Memo. of Points &*
17 *Authorities, p. 5, lines 3-4.* Yet Plaintiff fails to explain how or why an ordinary
18 person would have the knowledge, skill, education, or experience to know that CES
19 had such an obligation (which CES disputes it owed to Plaintiff), or to know what,
20 if anything, CES was required to do to comply with this duty. Nor does Plaintiff
21 explain how or why an ordinary person would be able to comprehend what steps
22 CES should have taken (if, indeed, it was required to take any steps at all) to "verify
23 the validity of the Instrument" at issue in the escrow transaction. *Plaintiff's Memo.*
24 *of Points & Authorities, p. 5, lines 5-6.* To the contrary, it is highly probable that
25 most ordinary people have never heard of, let alone have had to take the steps to
26 "verify," a Stand By Letter of Credit.
27 　　　Notably, escrow and escrow holders are governed by a specific statutory
28 scheme under California Financial Code § 17000 et. seq. Escrow holders are

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

9

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

specially licensed (*see*, Fin. Code § 17200), and businesses operating as escrow holders must employ escrow agents with certain minimum levels of experience. Fin. Code § 17200.8 (requiring employment of an agent with a minimum of five years experience). These agents are then charged with strictly carrying out "the instructions of each of the parties to the escrow," which, in some instances, may include handling instructions that conflict. *Summit Financial Holding, Ltd. V. Continental Lawyers Title Co.*, 27 Cal.4th 705, 711-712 (2002).

Thus, companies providing escrow services must ensure that they employ escrow agents with a certain number of years of experience, no doubt to ensure compliance with their legal duties and to ensure that their agents have proper knowledge of and experience with handling escrow instructions. This begs the question: if a newly licensed escrow agent is not trusted to know the full extent of the duties that are owed to the parties to an escrow transaction, then how can a layperson with no experience, education, or skill be expected to have such knowledge? They should not be expected to have this knowledge, and it is thus not surprising to find cases in which experts have been employed to testify regarding the duties of escrow agents. *See, e.g., Booz v. Kimmel*, 55 Cal.App.4th 573, 580 (1997) ("escrow expert" employed to testify regarding the duties of an escrow agent instructed to record a deed of trust); *see also, Kirk Corp. v. First American Title Co.*, 220 Cal.App.3d 785, 796-797 (1990) (plaintiff employed "escrow expert" who testified regarding meaning of instructions, implications and assumptions that are often derived from instructions, and duties of escrow holder.)

Despite the need for an expert declaration, Plaintiff fails to offer any expert opinion on the issue of CES's standard of care under the circumstances of this case and whether or not CES's alleged conduct fell below the skill and care that a reasonably careful escrow holder would have used in similar circumstances. *See*, Cal. Civil Jury Instns. ("CACI") § 600 (setting forth standard of care under California law for "professionals"). Because such evidence is necessary for

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

10

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

Plaintiff to make a prima facie case of professional negligence against Defendants CES and Ms. Hardstone, Plaintiff's Motion for Partial Summary Judgment should be denied.

### 2. Material Issues of Fact Exist As To Whether CES' Owed A Duty To TAP

Plaintiff's motion for summary judgment correctly summarizes the elements that Plaintiff must establish to prevail on a claim for professional negligence, the first being presentation of evidence demonstrating that the professional owed Plaintiff a duty of care. *Plaintiff's Memorandum of Points & Authorities*, p. 3, lines 10-21. Plaintiff's moving papers, however, utterly fail to address this necessary element. Instead, without any discussion, *Plaintiff assumes the existence of a duty* and moves right to the issue of whether or not that duty was breached. *See, Plaintiff's Proposed Statement of Uncontroverted Facts, p. 2, ¶ 1, lines 15-18* (stating "Defendant [CES] agreed to act as an escrow agent which required Defendant to perform specific functions for the benefit of Plaintiff [TAP].") Plaintiff's assumption that CES owed it a duty is incorrect. At a minimum, a factual dispute exists on this issue.

An escrow holder does not owe a duty of care to persons who are not parties to the escrow. *Summit Financial Holdings, Ltd. v. Continental Lawyers Title Co.*, 27 Cal.4th 705, 712 (2002). Rather, an escrow holder is "an agent and fiduciary of the parties to the escrow," and thus "must comply strictly with the instructions of the **parties**." *Id.* at 711 (emphasis added). The escrow holder "has no general duty to policy the affairs of its depositors," and the escrow holder's "obligations are 'limited to the faithful compliance with [the depositors'] instructions.'" *Id.* (internal citations omitted.)

Here, Plaintiff fails to offer any evidence that it was actually a party to the escrow. The only evidence that remotely addresses this issue is the purported "Escrow Agreement" attached to Plaintiff's counsel's declaration. This alleged

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

11

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

"agreement" however, is not authenticated, and Plaintiff's counsel's statements regarding this purported agreement lack foundation as there is no evidence that he has personal knowledge regarding the authenticity of this document. The document is inadmissible hearsay and is of a highly questionable nature, appearing incomplete and lacking signatures of any of the parties to the escrow.

Contrary to Plaintiff's assumption that TAP was a party to the escrow, the only parties to the escrow at issue in this case were Dakota and MBI. *Decl. Hardstone, ¶¶ 4, 7-8, 12-14.* TAP was never a party to the escrow. *Id.* Neither CES nor Ms. Hardstone had any dealings with TAP with respect to how the escrow was to be handled (i.e., they received no instructions). *Id. at ¶¶ 12-14.* Accordingly, neither CES nor Ms. Hardstone owed any duty of care as an escrow company or agent to TAP. As Plaintiff fails to offer any evidence establishing that a duty existed, Plaintiff's Motion for Partial Summary Judgment should be denied.

       3.      Material Issues of Fact Exist As to Whether CES Breached Its Duties

In an effort to satisfy the second element of its professional negligence claim, Plaintiff contends in its motion that Defendant CES "violated its professional standard of care to Plaintiff when it disregarded the Escrow Agreement, dated December 19, 2009." *Plaintiff's Memo of Points & Authorities,* p. 5, lines 17-18. Among other things, Plaintiff claims that CES failed to perform several "key functions" as part of the escrow, including failing to "verify the parties to the escrow," and failing to verify the "Instrument." *Plaintiff's Uncontroverted Facts, ¶¶ 2, 3, 11-15.* Not only do Defendants dispute that it owed Plaintiff any such duties, Defendants dispute that they were governed by the Escrow Agreement Plaintiff purports was controlling. *Decl. Hardstone, ¶¶ 8, 12-14.* In other words, a dispute exists as to which escrow agreement applied and thus it cannot be determined on summary judgment whether or not Defendants' alleged failure to comply with provisions of the agreement proffered by Plaintiff caused Plaintiff any harm.

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

12

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

Summary judgment is improper when such a dispute exists as to which of several agreements control a party's rights and duties. *See, Minnesota Mut. Life Ins. Co. v. Ensley*, 174 F.3d 977, 982-983 (9th Cir. 1999).

Contrary to Plaintiff's assertion, CES was not governed by the December 19, 2009, "escrow agreement" attached to Plaintiff's counsel's declaration. *Decl. Hardstone* ¶¶ 8, 13; Exh. "A". It was governed by a completely different agreement between Dakota and MBI. *Id.* As to this agreement, CES complied with its limited duties as the escrow agent, which, contrary to Plaintiff's claim, did not require verification of a SBLC nor verification of the parties to the agreement. *Id.* at ¶ 5, 8-11; Exh. "A".

The issue of breach of the standard of care in negligence cases is generally always a question of fact for a jury to decide unless it is clear that the facts are undisputed. *Brummett v. County of Sacramento*, 21 Cal.3d 880, 887 (1978) (holding, "[d]ue care as an element of negligence presents a question of fact for the jury. [Citation.] If the circumstances permit a reasonable doubt whether defendants' conduct violated the boundaries of due care, the doubt must be resolved as an issue of fact by the jury rather than of law by the court.") Here, not only does Plaintiff fail to offer admissible evidence establishing that Defendant breached the standard of care, even if Plaintiff's purported evidence is considered, it conflicts with the evidence presented by Defendant regarding which agreement actually controlled. Such a dispute should be resolved by a trier of fact. Plaintiff's request for Partial Summary Judgment should thus be denied.

    4.    Material Issues of Fact Exist As To Causation

The third element that Plaintiff must establish to succeed on a claim for professional negligence is that the defendant's conduct caused the plaintiff's harm. *In Re Daisy Sys. Corp.*, 97 F.3d 1171, 1175 (9th Cir. 1996) (*citing, Jackson v. Johnson*, 5 Cal.App.4th 1350, 1355 (1992). In the context of an escrow transaction, no liability attaches to an escrow agent for failure to do something that was not

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

13

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

required by the terms of the escrow instructions. *Siegel v. Fidelity Nat. Title Ins. Co.*, 46 Cal.App.4th 1181, 1194 (1996).

The evidence in this case establishes that CES and Ms. Hardstone followed the instructions that were provided by Dakota and MBI. *Decl. Hardstone,* ¶ 10, 11. Funds were deposited into the escrow account, and disbursed to Dakota upon presentation of the collateral instrument, as had been agreed to by the parties. *Id. at* ¶ *11*. There was thus no duty on the party of CES or Ms. Hardstone to return the funds that Plaintiff deposited on MBI's behalf, and after receipt and review of the collateral instrument and distribution of the escrow funds, Defendants' involvement in the transaction was complete. Plaintiff offers no admissible evidence that these acts in any way caused Plaintiff's alleged loss, and as such, Summary Judgment should be denied.

### D. Plaintiff's Motion for Partial Summary Judgment is Premature

As set forth above, there is no basis for the granting of Plaintiff's motion In addition to being unsupported legally and factually, however, the motion is also premature as discovery is only getting underway and new parties have recently appeared in the action. Defendants therefore request that additional time be permitted to conduct discovery related to Plaintiff's lack of relationship with CES and Ms. Hardstone.

Upon proper showing, the Court has discretion to grant such a continuance. Fed. Rules Civ. Pro. § 56(f). When a request for a continuance has been made, along with a showing that there is some basis for the belief that information relevant to the opposition exists, such a continuance should be granted. *See, Church of Scientology of San Francisco v. Internal Revenue Service,* 991 F2d 560, 562 (9th Cir. 1993).

Plaintiff's First Amended Complaint in this matter was filed on September 9, 2010. On September 24, 2010, CES and Ms. Hardstone filed their Answer. Thereafter, on October 9, 2010, Plaintiff filed a Request to Enter Default against

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

14

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

1  Defendants MBI, Kevin McBride, Scott Shephard, Gene Houston, and Michael
2  Roddy. *Request for Judicial Notice, Exh. "B" (Court's Docket)*. On October 13,
3  2010, Plaintiff filed a Second Request to Enter Default against these same parties.
4  On October 15, 2010, the Court sent Notice of Entry of Default against Kevin
5  McBride, Scott Shephard, and Gene Houston, along with Notice of Deficiency
6  Default as to MBI and Michael Roddy for failure to show proof of service. On
7  November 12, 2010, Plaintiff then requested default be taken against Defendant
8  Maxwell Wyatt. That request was also denied on November 15, 2010 for lack of
9  proof of service. *Request for Judicial Notice, Exh. "B" (Court's Docket);
10 Declaration of Glen R. Olson ("Decl. Olson"), ¶ 2 (setting forth procedural
11 history)*..

At this phase of the case, there is still no indication that MBI, Michael Roddy, or Maxwell Wyatt have been served, appeared, or defaulted. The pleadings in this case are thus not fully at issue, and a key party, MBI has yet to appear or have a default entered against it. *Decl. Olson, ¶ 3*.

During the time Plaintiff's counsel was making these efforts to effect proper service, the parties were not engaged in discovery. In fact, Plaintiff's counsel only recently propounded written discovery on CES on February 28, 2010. Likewise, given the lack of appearances, Defendants have only recently served written discovery on Plaintiff. No scheduling order has been issued, and initial disclosures have not yet been exchanged. With respect to MBI, it is uncertain which, if any, of the allegations it will deny if it is properly served and appears, or whether or not default will ultimately be entered against it. *Decl. Olson, ¶ 5*.

Given its dealings with MBI and Dakota, Defendants believe that it will be established through discovery that, contrary to Plaintiff's assertion, Plaintiff was not a party to the escrow transaction and all of Plaintiffs dealings were directly with MBI and only MBI. Beyond the evidence offered by Ms. Hardstone on behalf of herself and CES, Defendants believe that such evidence can be established through

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

15

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT

the testimony of witnesses from MBI and TAP. Accordingly, Defendants respectfully request the opportunity to conduct further discovery in the event the Court is inclined to grant summary judgment in this action. *Decl. Olson,* ¶ 6.

## IV. CONCLUSION

Based on the foregoing, Defendants CES and Ms. Hardstone respectfully request that Plaintiff's Motion for Partial Summary Judgment be denied.

Dated: March 4, 2011

LONG & LEVIT LLP

By: /s/ Glen R. Olson
GLEN R. OLSON
Attorneys for Defendants
ANTOINETTE HARDSTONE AND
COMMERCIAL ESCROW
SERVICES, INC.

DOCS\S5656-028\586809.V1

LONG & LEVIT LLP
465 CALIFORNIA STREET
SUITE 500
SAN FRANCISCO
CALIFORNIA 94104
(415) 397-2222

CASE NO. CV 10 5475 GHK-RC

16

MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOT. FOR PARTIAL SUMM. JDGMT